UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-0200-HEA |
| | ) | |
| ROBYN TIFFANY ROBERTS, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Robyn Tiffany Roberts, represented by defense counsel Vanessa Antoniou, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 5 through 13 of the charge, the Government agrees to move for the dismissal as to the defendant of Counts 1 through 4 at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's misuse of Social Security Numbers, wire fraud,

1

aggravated identity theft, and aiding or assisting in the presentation of fraudulent returns under Internal Revenue laws, from February 2015 through April 2017, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that the Government will request a sentence of no more than 12 concurrent months imprisonment for Counts 5, 6, and 9 through 13. The parties further agree that Defendant may request a sentence below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

## 3. **ELEMENTS:**

As to Counts 5 and 6, the defendant admits to knowingly violating Title18, United States Code, Section 1343, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)     the defendant voluntarily and intentionally devised or participated in a scheme to obtain money by means of false representations and promises; and

(2)     the defendant did so with the intent to defraud; and

(3)     the defendant used, or caused to be used, an interstate wire communication in furtherance of, or in an attempt to carry out, some essential step in the scheme.

2

As to Counts 7 and 8, the defendant admits to knowingly violating Title 18, United States Code, Section 1028A, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)     the defendant knowingly used a Social Security Number;

(2)     the defendant knew that the Social Security Number the defendant used belonged to another person;

(3)     the defendant used the Social Security Number without lawful authority;

(4)     the defendant knew that he used the Social Security Number without lawful authority; and

(5)     the defendant used the Social Security Number during and in relation to the crime of wire fraud.

As to Counts 9 through 13, the defendant admits to knowingly violating Title 26, United States Code, Section 7206(2) and Title 18, United States Code, Section 2, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)     the defendant willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service a U.S. Individual Income Tax Return Form 1040; and

(2)     the return was false and fraudulent; and

(3)     the defendant knew that the return was false and fraudulent; and

(4)     the defendant acted willfully; and

(5)     the false matter in the Individual Income Tax Return Form 1040 was material.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Defendant was working as a tax return preparer for Roberts Tax Professionals. While working in her capacity as a tax return preparer, Defendant willfully aided and assisted in the preparation and filing of at least eighteen false tax returns on behalf of at least ten clients. On these tax returns, Defendant created false wages, expenses, and deductions, and fraudulently claimed education credits and American Opportunity Credits (AOC). In total, Defendant caused falsely inflated tax refunds totaling $59,863.00 and AOC claims of $372,841.00. The total loss to the government from Defendant's fraudulent return preparations was approximately $432,704.00.

On October 10, 2016, Defendant's business was selected by the Internal Revenue Service (IRS) for a compliance check, and the records from that compliance check showed 83 percent of returns prepared for clients at Defendant's business claimed refundable American Opportunity Credits. In addition, 45 percent of returns prepared for clients at Defendant's business claimed a profit or loss on a Schedule C.  Per IRS records, the tax returns created a substantially high volume of refund returns prepared by Defendant's business. In the course of preparing and filing returns at Defendant's business, Defendant used Drake tax preparation software for tax years 2014, 2015, and 2016, in order to enter the clients' tax information and electronically transmit said information to the IRS. The bank accounts reported to Drake were connected to Defendant

in that Defendant had signatory authority over all of them. Defendant was also one of the listed contacts for the software.

On February 16, 2017, an undercover agent went to Roberts Tax Professionals wearing a recording device and interacted with Defendant in order to file a tax return. The undercover agent worked with Defendant. The undercover agent provided Defendant with a completed one-page client questionnaire, copies of a W2, a driver's license, and Social Security cards. Upon review of the W2, Defendant shook her head and retrieved an unopened envelope with a Walmart W2 bearing another individual's name. This W2 was included with the undercover agent's documents following the tax return preparation. Though the undercover agent arrived with documents that should have provided a tax refund of $357, the tax refund determined by Defendant was more than $4,000.00.

Defendant was interviewed by Agents on March 2, 2017. Defendant initially reported never inputting fake or false information on a tax return. However, during the interview, Defendant was also shown her personal income tax returns which contradicted that claim. Specifically, Defendant had claimed education expenses despite not having attended school during the reported years. Defendant had also claimed a niece and nephew as dependents, knowing she had not provided at least half of their financial or other support. Defendant denied some of these issues, but for other issues Defendant stated she had prepared the return in that way to increase her tax refund.

Ten clients and former clients were interviewed regarding the false information found on their returns. These clients noted inconsistencies in their returns from what they had reported to Defendant: specifically, Defendant had included false childcare expenses, false business losses,

5

false income, or false education credit for the years in question. Additionally, on multiple returns, Defendant had used the names, addresses, and Social Security Numbers of former clients, V.B. and L.W., as dependent care providers for current clients. Both of the clients denied providing this personally identifiable information to Defendant.

During this IRS investigation, the IRS also discovered that Defendant was using multiple Social Security Numbers (SSNs) in conducting her personal financial business. The IRS notified the Social Security Administration Office of Inspector General (OIG SSA). SSA OIG found Defendant was using her assigned SSN, as well as SSNs ending in -4868 and -9869. The SSN ending in -4868 is assigned to a minor, born in 2003. The SSN ending in -9868 was unassigned. Credit reports associated with Defendant and both SSNs showed credit usage and past due balances.

The Defendant admits herein that on or about the dates set forth below, in the Eastern District of Missouri and elsewhere, Defendant having devised and intended to devise a scheme to obtain money by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | IDENTITY OF TAX FILER | DATE OF TAX RETURN SUBMISSION |
|---|---|---|
| 5 | J.K. | January 27, 2017 |
| 6 | D.K. | February 1, 2017 |

All in violation of Title 18, United States Code, Section 1343.

6

The Defendant further admits herein that on or about the dates listed below, within the Eastern District of Missouri, Defendant did knowingly possess, transfer, and use, without lawful authority, a means of identification of another person, to wit, the Social Security Numbers of the individuals listed below, knowing that the means of identification belonged to another actual person, during and in relation to the commission of the felony offense of wire fraud, Title 18, United States Code, Section 1343:

| COUNT | NAME | DATE OF TAX RETURN FILING |
|-------|------|---------------------------|
| 7 | L.W. | January 27, 2017 |
| 8 | V.B. | February 1, 2017 |

All in violation of Title 18, United States Code, Section 1028A.

The Defendant further admits herein that on or about the dates listed below, within the Eastern District of Missouri, Defendant did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Tax Return of the individuals listed below, by making false and fraudulent representations, knowing and believing that the representations were false and fraudulent:

| COUNT | NAME | DATE OF TAX RETURN FILING |
|-------|------|---------------------------|
| 9 | A.B. | February 13, 2015 |
| 10 | A.B. | February 22, 2016 |
| 11 | A.B. | January 24, 2017 |
| 12 | I.G. | March 4, 2016 |

7

| 13 | M.H. | January 8, 2016 and February 1, 2017 |

All in violation of Title 26, United States Code, Section 7206(2) and Title 18, United States Code, Section 2.

## 5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime of wire fraud to which the defendant is pleading guilty in Counts 5 and 6 is imprisonment of not more than 20 years, a fine of not more than $250,000.00 or both such imprisonment and fine.  The Court may also impose a period of supervised release of not more than three years.

The defendant further fully understands that the maximum possible penalty provided by law for the crime of aggravated identity theft to which the defendant is pleading guilty in Counts 7 and 8 is a mandatory term of imprisonment of 2 years which must be served consecutively with any other term of incarceration imposed. USSG Section 2B1.6, Application Note 1(Λ). The Court may also impose a period of supervised release of not more than one year.

The defendant further fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty in Counts 9 through 13 is imprisonment of not more than 3 years, a fine of not more than $100,000.00 or both such imprisonment and fine.  The Court may also impose a period of supervised release of not more than three years.

8

6. **U.S. SENTENCING GUIDELINES:  2018 MANUAL**:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

a. **Chapter 2 Offense Conduct**:

**(1) Base Offense Level**:  The parties agree that the base offense level for Counts 5 and 6 is 7, as found in Section 2B1.1(a)(1).

The parties further agree that the base offense level for Counts 9 through 13 is 18, as found in Sections 2T1.4(a)(1) and 2T4.1(G).

As to Counts 7 and 8, the parties agree that the applicable Sentencing Guideline is §2B1.6, which provides that if the defendant was convicted of violating 18 U.S.C. §1028A, the guideline sentence is the term of imprisonment required by Statute.

**(2) Specific Offense Characteristics**:  The parties agree that the following Specific Offense Characteristics apply: 12 levels should be added to Counts 5 and 6 pursuant to Section 2B1.1(b)(1)(G) because the intended loss was greater than $250,000.00 but less than $550,000.00; and 2 levels should be added to Counts 9 through 13 pursuant to Section 2T1.4(b)(1) because Defendant committed the offense as part of a pattern or scheme from which she derived a substantial portion of her income and Defendant was in the business of preparing or assisting in the preparation of tax returns.

b. **Chapter 3 Adjustments**:

(1)  **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2)  **Other Adjustments:**  The parties agree that the following additional adjustments apply: Pursuant to Sections 3D1.1(a) and (b) and 3D1.2, Counts 5 and 6 and 9 through 13 should be grouped together, and the offense level applicable to the group is the highest offense level of the counts in the Group (3D1.3). As a result, the offense level governing the grouped counts should be 17 (Offense level 20 minus 3 levels for acceptance of responsibility).

c.  **Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is 17.

d.  **Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

c. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

11

b. **Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

a. **Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of

the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished

**d.  <u>Mandatory Special Assessment</u>:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $900.00, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.  <u>Possibility of Detention</u>:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.  <u>Fines, Restitution and Costs of Incarceration and Supervision</u>:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).  Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.  The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g.  <u>Forfeiture</u>:**  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such

13

items in the United States.  The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice.  By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners.  The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. <u>ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS</u>:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

15

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

11/16/2021
---
Date

*Diane Klocke*
---
DIANE KLOCKE
Special Assistant United States Attorney

11. 9. 2021
---
Date

ROBYN ROBERTS
Defendant

11/9/2021
---
Date

VANESSA ANTONIOU
Attorney for Defendant

17