# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| | ) No. 4:21CR00200-1 HEA |
| vs. | ) |
| | ) |
| ROBYN ROBERTS, | ) |
|     Defendant. | ) |

## SENTENCING MEMORANDUM

**COMES NOW** Defendant Robyn Roberts, by and through counsel, and files the following memorandum for sentencing.

18 U.S.C. Sec. 3553(a) obliges this Court to impose a sentencing sufficient, but not greater than necessary, to compel with the statutory purposes of sentencing, to wit;

(1) to reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense;
(2) to afford adequate deterrence to criminal conduct;
(3) to protect the public from further crimes of defendant; and
(4) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. Sec. 3553(a)(2)(A)-(D). In determining the minimally sufficient sentence to impose, this Court must consider the factors below as suggested in 18 U.S.C. Sec. 3553(a):

(A) the nature and circumstances of the offense and the history and characteristics of the defendant;
(B) the need for the sentence imposed to accomplish each of the purposes sentencing listed as recited in 18 U.S.C. Sec 3553(a)(2);
(C) the kinds of sentences available
(D) the guidelines promulgated by the Sentencing Commission;
(E) any pertinent policy statement issued by the Sentencing Commission;
(F) the need to avoid unwarranted sentencing disparities among similarly situated defendants;
(G) the need to provide restitution to any victims.

In the present case, an assessment of Defendant Roberts' circumstances and in consideration of all relevant sentencing factors, a sentence at the low end the Guideline range would satisfy the purposes of punishment as described in 18 U.S.C. Sec. 3553(a).

## BACKGROUND

On December 2, 2021, Defendant Roberts (hereinafter "Roberts") plead guilty to a Counts 5-6 (Wire Fraud), 7-8 (Aggravated Identity Theft) and 9-13 (Aiding and Abetting in Filing False Income Tax Returns) of the indictment. Roberts entered her plea pursuant to a plea agreement with the Government wherein her offense level was 17 and her criminal history category is II. The resulting sentencing range for counts 5,6, 9, 10, 11, 12 and 13 is 27 months to 33 months however the minimum sentence for counts 7 and 8 is two years which is required by statute. The Government has agreed not to ask for more than twelve months on counts 5,6,9,10,11, 12 and 13.

## SNIDER'S PERSONAL BACKGROUND

Roberts is 38 years of age and has always financially supported herself and her children. She gave birth to her oldest daughter, Jordan Roberts, when she was 15 years old and did not have any assistance from the biological father of her eldest child. She was a caretaker at a very young age and often took care of her father who abused drugs and died on April 18, 2020 of a heroin overdose. Roberts took care of both her father and paternal grandmother who is now 88 years old and in very poor health. Roberts transported her grandmother to her doctor appointments, took care of her banking needs, went to the grocery store and was her primary caretaker until she was confined in June of 2021.

In addition, Roberts has a son who is nearly 18 months at this time and he has been experiencing health issues related to his underdeveloped lungs and has been

hospitalized three times since Roberts' incarceration. She was a devoted and caring mother before her incarceration in June of 2021 and has been emotionally suffering as a result of being separated from her son. Roberts' mother, Rosayln Bruce is 67 years of age and was taking care of Roberts' son until recently as she has had developed a debilitating illness, causing her to be confined in a wheelchair at this time. The biological father, Pierre Starks who is currently on supervised release in the Eastern District of Missouri had a stroke and is not capable of taking care of an infant child, either physically or mentally. Consequently, Roberts' son is being cared for on a piecemeal basis with friends and being shuffled between households. Her son was hospitalized three weeks ago due to breathing issues which are deemed to be a severe asthmatic condition.

Roberts did not have a stable childhood as her father always abused drugs and did not assist the family in any way. Her mother, Rosalyn Bruce, had gambling issues throughout most of Roberts' childhood, causing them to lose their house, creating a volatile home. She was forced to be financially and emotionally independent starting at the age of 16 as she had nobody to provide for her and her then infant daughter.

In reviewing Roberts' criminal history, most of her issues with law enforcement occurred when she was in her early twenties, which was nearly 13 years ago. Since the age of twenty-five, aside from the instant matter, she has not had any contact with law enforcement except for traffic matters.

The investigation surrounding Roberts did not commence with a victim who complained that Roberts had taken their social security number and used it to her benefit, rather it was the result of an audit. Roberts purchased the alternate social security numbers from a website that ensured they were not attached to any person who could be

harmed if she used them.  She paid over fifteen hundred dollars to purchase the numbers and she could be deemed a victim of that online scam.

Counts 7 and 8 which are related Aggravated Identity Theft were the result of her preparing tax returns and utilizing the W2 of another person, which would increase the refund of the person for which she was preparing the tax return.  Roberts received a flat fee for the filing of each return and did not receive a higher percentage if the refund was higher. The offense conduct occurred over eight years ago and since then, Roberts had started a successful home health care business, employing several individuals prior to her incarceration. She was also working as a dispatcher for a trucking company prior to her incarceration. Roberts was and will continue to be an asset to her community and family once she is released from custody. Once released from custody, Roberts will take care of her mother and her son and continue to run a business.

 The criminal history categorization of the guidelines fairly estimates the recidivism likelihood of offenders.   The Introductory Commentary of the Sentencing Guidelines in Chapter 4 correlates patterns of criminal behavior with recidivism.  The measure relies on prior convictions and prior incarcerations.  Roberts is 38 years of age and is deeply regretful of her conduct which has placed an enormous burden on her mother and paternal grandmother.

Roberts is in criminal history category II, and with her age, stable personal and professional life, the rate of recidivism significantly diminishes.

The support system and strength of her family have been unwavering during this case and they continue to support her throughout the duration of her impending imprisonment.

Further, Roberts is unvaccinated as the vaccination has not been made available to her while she has been incarcerated causing her a great deal of stress as six of the nine people in her unit have tested positive with COVID-19. Roberts is requesting the opportunity to self-surrender to give her an opportunity to get vaccinated and make permanent arrangements for the care of her infant son.

## CONCLUSION

For the above and foregoing reasons, Roberts respectfully requests a downward variance as the presentence investigation report suggested based on the nature and circumstances of the offense and the history and characteristics of Roberts which include a history of substance abuse and an unstable household.  Defendant Roberts prays  this Honorable Court impose a sentence of one month for Counts 5,6,9, 10, 11, 12 and 13 and a consecutive sentence of two years for Counts 7 and 9 which is the minimum for these counts.  A downward variance is appropriate because that sentence will better serve the purposes of sentencing and  the mandate of 18 U.S.C. Sec. 3553 (a) than will any other sentence available to this Honorable Court.

**Respectfully Submitted,**
**Law Offices of Vanessa C. Antoniou, L.L.C.**

*/s/ Vanessa C. Antoniou*
**Vanessa C. Antoniou**
Attorney for Defendant

        222 South Meramec, Ste. L2
        St. Louis, Missouri 63105
        Phone:  (314) 725-1996
        Fax:  (314) 862-5542

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon: Assistant United States Attorney, Ms. Diane Klocke on this 3rd day of February, 2022.

*s/ Vanessa C. Antoniou*